IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02913-WYD-BNB

CHRISTOPHER JON MILLER,

Plaintiff,

v.

MARGARET HEIL, in her official capacity as Program Administrator of the SOTMP and Chief of Rehabilitation Programs,
RICHARD G. LINS, individual, and in his official capacity as SOTMP therapist, and litigation coordinator,
CHRISTINA ORTIZ-MARQUEZ, individually, and in her official capacity as SOTMP therapist,
SAMUEL MICHAEL DUNLAP, in his official capacity as SOTMP Phase II Program Coordinator,
BURL MCCULLAR, in his official capacity as SOTMP Program Manager,
ARISTEDES ZAVAR[A]S, in his official capacity as Executive Director,
CHRISTINE TYLER, individually, and in her official capacity as SOTMP therapist, and
JAYLYNNE CHUPP, in her official capacity as SOTMP therapist,

Defendants.

_____

**ORDER**
_____

This matter arises on the following motions:

1. **Plaintiff's Motion for Preliminary Injunction and Brief in Support** [Doc. #22, filed 02/28/2011] (the "Motion for Preliminary Injunction");

2. Plaintiff's **Motion for Request to Permit Reply to Defendant's** [sic] **Answer to Preliminary Injunction and Brief in Support** [Doc. #46, filed 04/29/2011];

3. Defendants' **Motion to Dismiss** [Doc. #55, filed 05/18/2011] (the "Motion to Dismiss");

4. **Plaintiff's Motion for Leave to Exceed Page Limit** [Doc. #67, filed 06/13/2011];

     5. Plaintiff's **Motion for Leave to Amend Complaint** [Doc. #68, filed 06/14/2011] (the "First Motion to Amend");

     6. **Plaintiff's Second Motion for Leave to Amend His Complaint** [Doc. #69, filed 06/13/2011] (the "Second Motion to Amend");

     7. Plaintiff's **Motion to Strike** [Doc. #72, filed 06/14/2011);

     8. Plaintiff's **Motion to Quash** [Doc. #73, filed 06/14/2011]; and

     9. Defendants' **Motion to Strike or in the Alternative Motion for Extension of Time to Reply to Plaintiff's Response to the Defendants' Motion to Dismiss** [Doc. #84, filed 08/02/2011].

The plaintiff filed his Prisoner Complaint on December 1, 2010 [Doc. #1] (the "Complaint"). He filed a motion to amend the Complaint on March 18, 2011 [Doc. #28], which was granted on April 7, 2011 [Doc. #33].

The defendants filed a Motion to Dismiss on May 18, 2011. The plaintiff now seeks leave to again amend. He does not ask to add parties or claims; instead, he seeks to clarify his existing claims based on the arguments made in the Motion to Dismiss. He states that "[t]his will be Plaintiff's final request for Leave to Amend." *Second Motion to Amend*, ¶ 10.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of right within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

The plaintiff's Amended Complaint was deposited in the prison's internal legal mail system on March 15, 2011.[1] *Amended Complaint*, p. 64. The defendants served their Motion to Dismiss on May 5, 2011. *Motion to Dismiss*, p. 16. The plaintiff's request to amend the Amended Complaint was deposited in the prison's internal legal mail system on June 6, 2011, *Second Motion to Amend*, p. 4, which is more than 21 days after the Amended Complaint was filed and more than 21 days after service of the Motion to Dismiss. The defendants oppose the plaintiff's request to amend [Doc. #77]. Therefore, the plaintiff may amend his Amended Complaint only with leave of court.

A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

Because the plaintiff states that he is revising his Amended Complaint in response to the defendants' first Motion to Dismiss, and because he represents that this is his final request for leave to amend, I find that the proposed amendment is not the result of any undue delay, bad faith or dilatory motive on the part of the plaintiff, or repeated failure to cure deficiencies by amendments previously allowed. Nor does it appear that the amendment is futile or that it will result in any undue prejudice to the opposing parties. Foman v. Davis, 371 U.S. 178, 182

---

[1] The prison mailbox rule applies to an inmate's filing of motions. Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005). Under the mailbox rule, "an inmate who places a [motion] in the prison's internal mail system will be treated as having 'filed' that [motion] on the date it is given to prison authorities for mailing to the court." Id. at 1165. However, the inmate must establish actual use of the prison's internal mail system in order to be accorded the benefits of the mailbox rule. Id.

(1962).  Accordingly, the plaintiff's Second Motion to Amend is granted.

The plaintiff's Motion for Preliminary Injunction and the defendants' Motion to Dismiss are not directed at the Second Amended Complaint.  Therefore, those motions are denied without prejudice.

The remaining motions are directed at issues presented by the Motion for Preliminary Injunction or the Motion to Dismiss, or they are rendered moot by the filing of the Second Amended Complaint.  Therefore, the remaining motions are denied as moot.

IT IS ORDERED:

1.  Plaintiff's Second Motion for Leave to Amend His Complaint [Doc. #69] is GRANTED.  The Clerk of the Court is directed to accept for filing Plaintiff's Second Amended Complaint [Doc. #69-1];

2.  Plaintiff's Motion for Preliminary Injunction and Brief in Support [Doc. #22] is DENIED without prejudice;

3.  The defendants' Motion to Dismiss [Doc. #55] is DENIED without prejudice; and

4.  The remaining motions [Docs. #46, #67, #68, #72, #73,and #84] are DENIED as moot.

Dated August 5, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge