IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02913-WYD-BNB

CHRISTOPHER JON MILLER,

      Plaintiff,

v.

MARGARET HEIL, in her Official Capacity as Program Administrator of the SOTMP and
Chief of Rehabilitation Programs;
RICHARD G. LINS, Individually, and in his Official Capacity as SOTMP Therapist, and
Litigation Coordinator;
CHRISTINA ORTIZ-MARQUEZ, Individually, and in her Official Capacity as SOTMP
Therapist;
SAMUEL MICHAEL DUNLAP, in his Official Capacity as SOTMP Phase II Program
Coordinator;
BURL MCCULLAR, in his Official Capacity as SOTMP Program Manager;
ARISTEDES ZAVAR[A]S, in his Official Capacity as Executive Director;
CHRISTINE TYLER, Individually, and in her Official Capacity as SOTMP Therapist; and
JAYLYNNE CHUPP, in her Official Capacity as SOTMP Therapist,

      Defendants.

---

## ORDER OVERRULING OBJECTION

---

      This matter is before the Court on "Plaintiff's Objection to U.S. Magistrates

Granting of Defendant's Motion for Extension of Time" filed June 23, 2011.  Plaintiff

objects to the fact that Magistrate Judge Boland granted a motion for extension of time

for Defendants to file a response to Plaintiff's Motion for Preliminary Injunction when

Defendants initially missed the response deadline of May 23, 2011.

      After the deadline to respond passed, Plaintiff filed a Motion for Order on June 3,

2011, which sought the granting of Plaintiff's Motion for Preliminary Injunction based on

Defendants' failure to respond.  Plaintiff claimed in the motion that Defendants' failure to respond was a tacit admission to the motion.  On June 6, 2011, Defendants filed a Motion for Extension of Time stating that due to an administrative error, the response date was erroneously calendared for July 22, 2011.  The motion stated that the error was not discovered until the filing of Plaintiff's Motion for Order.  Defendants requested that they be granted an enlargement of time to June 7, 2011, to file their response, and the response to the preliminary injunction motion was filed on that date.  By Minute Order of June 13, 2011, Magistrate Judge Boland granted Defendants' June 6, 2011 Motion for Extension of Time and denied as moot Plaintiff's Motion for Order.

Since Plaintiff filed a timely Objection, I must review Magistrate Judge Boland's Minute Order of June 13, 2011, to determine whether it is "clearly erroneous or contrary to law" as the nature of the matter is nondispositive.  Fed. R. Civ. P. 72(a).  "The clearly erroneous standard  . . . requires that the reviewing court affirm unless [a nondispositive ruling] unless 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'"  *Ocelot Oil Corp.  v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1996) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

Plaintiff states in his Objection that because the motion for extension of time was untimely, Defendants were required to show excusable neglect under Fed. R. Civ. P. 6(1)(B).  Defendant's motion did not mention or explain how their error in calendering the correct date for the response rises to the level of excusable neglect, and Plaintiff argues that Defendant's inattentiveness to deadlines does not rise to this level.  Further,

-2-

Plaintiff argues that Defendants set forth no valid reasons or arguments why their untimely motion should be granted and, that if the Court accepts this reason for excusable neglect, any party could flout a deadline and later claim excusable neglect. Finally, Plaintiff argues that Magistrate Judge Boland's ruling granting the motion for extension of time was clearly erroneous and contrary to law as there is nothing in the record to reflect that he considered whether Defendants met the standard for excusable neglect. Plaintiff asserts that he has been prejudiced by Defendants' delay in responding to the preliminary injunction motion.

I overrule Plaintiff's Objection. According to the Supreme Court, "Congress plainly contemplated that the courts *would be permitted,* where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 388 (1993) (emphasis added). In order to determine whether neglect is "excusable", the Supreme Court has stated that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The factors to be looked at in this inquiry include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.; see also In re Four Seasons Securities Laws Litigation,* 493 F.2d 1288, 1290-91 (10th Cir.1974) (finding no error in enlarging time under Rule 6(b) in the absence of any showing of bad faith or prejudice).

Here, Defendants sought an extension of time to respond as a result of neglect or negligence based on a calendaring error.  There is no indication that the failure to timely respond was in bad faith, the delay was short in duration, and Plaintiff suffered no prejudice as his Motion for Preliminary Injunction was denied without prejudice on August 5, 2011.  Under these circumstances, Magistrate Judge Boland could have found that Defendants showed excusable neglect, even though he did not explicitly discuss this in his Minute Order, and I do not find that a mistake was committed. Accordingly, it is

ORDERED that "Plaintiff's Objection to U.S. Magistrates Granting of Defendant's Motion for Extension of Time" filed June 23, 2011 (ECF No. 75) is **OVERRULED**, and the Minute Order of June 13, 2011 (ECF No. 65) is **AFFIRMED**.

Dated:  October 13, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge