IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02913-WYD-BNB

CHRISTOPHER JON MILLER,

Plaintiff,

v.

MARGARET HEIL, et al.,

Defendants.

```
                    FILED
           UNITED STATES DISTRICT COURT
                DENVER, COLORADO

              OCT 19 2011

           GREGORY C. LANGHAM
                          CLERK
```

---

**MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Plaintiff, Christopher Jon Miller, *Pro se*, respectfully requests an this Court grant him an Extension of time in which to respond to **Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint** (Doc. # 94, filed 08/26/2011), and in support, states the following:

1. Defendants filed with this Court, their **Motion to Dismiss Plaintiff's Second Amended Complaint** (hereinafter "Motion to Dismiss", Doc. No. 94, filed 08/26/2011). After Defendants submitted their Motion to Dismiss, Magistrate Boland provided Plaintiff up to and including 09/26/2011 [Doc. # 97, 08/31/2011] to file his response to their Motion to Dismiss.

2. On 09/22/2011 Plaintiff sent a Motion for Extension of Time in which to respond to Defendant's Motion to Dismiss (Doc. No. 104, filed 09/26/2011) to the Court. Plaintiff explained the prison Plaintiff is incarcerated at was on "Lockdown" for an unknown duration, starting 09/19/2011. Plaintiff asked for an extension up to and including 10/10/2011.

3. Plaintiff previously filed a **Motion to Exceed Page Limit** (Doc. # 101, filed

1

09/14/2011) because Plaintiff's then current iteration of the **Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint** was 30 pages long and it exceeded Judge Daniel's 15 page limit contained within his Practice Standards. The Plaintiff received the Courts denial of his Motion to Exceed Page Limit on Monday 10/03/2011, (Doc. # 106).

4. Consequently, on 10/4/2011, after receiving the denial of the **Motion to Exceed Page Limit** the previous day, Plaintiff filed a second **Motion for Extension of Time to Respond to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint,** explaining it would take him longer than the previously requested date of 10/10/201 to re-write, trim, and shorten the **Response to Defendant's Motion to Dismiss**. The 10/4/2011 Motion for Extension of Time requested an additional (14) days beyond the previous request that included up to 10/10/2011. So, the second Motion for Extension of Time should be up to and including 10/24/2011, however it appears it was not received by the Clerk/Court.

5. On 10/10/2011 Plaintiff contacted a family member who has internet access over the phone, to inquire about payments made in regards his filing fees on this lawsuit, so he could respond to the recent **Order To Show Cause** (Doc. No 107, filed 10/04/2011). During the same call, Plaintiff inquired whether the docket showed his 10/4/2011 **Motion for Extension of Time to Respond to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint,** (hereinafter "**Motion for Extension of Time**") and whether it was granted, denied, or still pending, and what the docket number was. The motion did not appear on the docket. Plaintiff contacted the Clerk for Judge Daniel, Jenny, about payments made on the case and the **Motion for Extension of Time**. Neither appeared on the docket. Plaintiff has attached copies of the "Photocopy Request Form" from the Law Library on 10/4/2011 showing he **did in fact** print the

**Motion for Extension of Time.** Plaintiff has also attached a copy of the Legal Mail Log form from 10/4/2011, showing Plaintiff **did** in fact mail the **Motion for Extension of Time** to the Court, and the Attorney General. Either way, Plaintiff's Motion for Extension of Time is now untimely. Plaintiff explains these aforementioned events to show and prove excusable neglect. See *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1147 n. 5 (10th Cir. 1990); *Fernandez v. United States*, 169 F.R.D. 372 (D.Kan. 1996).

6. Plaintiff is currently working on retaining representation to draft/file his Response to Defendant's Motion to Dismiss. This attorney, Alison Ruttenberg, has requested I explain to the Court that her schedule is completely blocked and full through October and into the first week of November, and she will not be able to investigate and start work on Plaintiff's case until after the first week of November. Therefore, Plaintiff humbly requests the Court provide him up to and including November 21, 2011 to respond to the Defendant's Motion to Dismiss.

7. Pursuant to D.C.COLO.LCivR. 7.1, plaintiff was unable to confer with defendant's counsel before the filing of this motion because plaintiff is a state prisoner.

**WHEREFORE**, Plaintiff requests this Honorable Court Grant his **Motion for Extension of Time to Respond to Defendant's Motion to Dismiss** providing him up to and including November 21, 2011 to file the Response to Defendant's Motion to Dismiss.

Respectfully Submitted this 13th day of October 2011.

*Christopher Miller*
Christopher Jon Miller
#120154
Crowley County Correctional Facility
6564 State Highway 96
Olney Springs, Colorado
81062-8700

## Certificate of Service

I hereby declare and certify that I have deposited this **MOTION TO AMEND/CORRECT MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** into the Crowley County Correctional Facility's internal prison legal mail system, first class postage prepaid and addressed to the parties listed below, this 13th day of October, 2011

Office of the Clerk of the Court
Gregory Langham, Clerk
Alfred A. Arraj Courthouse
901-19th Street, Room A105
Denver, CO 80294-3589

Office of the Attorney General
James X. Quinn, #21729
Employment Law and Civil Litigation Section
1525 Sherman Street, 7th Floor
Denver, CO 80203

Christopher Jon Miller

AR FORM 750-1B (12/01/0)

# CROWLEY COUNTY CORRECTIONAL FACILITY
## LEGAL ACCESS PROGRAM
## PHOTOCOPY REQUEST FORM

**PRINT:**
LAST NAME: Miller   FIRST NAME: Christopher   DOC#: 120154
FACILITY: Crowley   UNIT: 5A 220   DATE SUBMITTED: 10-4-11

INDICATE THE DATE OF ANY COURT IMPOSED DELINES: _____
A signed and completed miscellaneous withdrawal slip must accompany this request.
Please list each document to be copied on separate lines and include description, number of pages you are submitting, and number of copies you are requesting. Incomplete forms will be returned or denied.

Range Disc →

| SUBMITTED DESCRIPTION | # PAGES SUBMITTED | # COPIES REQUESTED | # COPIES APPROVED |
|---|---|---|---|
| 1. Motion for Enlargement | 3 | 2 | 2-6 |
| 2. ~~Objection~~ | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |

OFFENDER SIGNATURE (REQUESTED) _Chris Miller_

**DO NOT WRITE BELOW THIS LINE – OFFICIAL USE ONLY**

CHARGE TO ACCOUNT: $ 1.50
DATE RECEIVED AT SENDING FACILITY: _____   NUMBER OF PAGES RECEIVED: 6
NUMBER OF PAGES RECEIVED IN PROCESSING LAW LIBRARY: _____
DATE COMPLETED: 10/4

STAFF/CLERK PHOTOCOPIER INITIALS: LT
    METER END:
MINUS   METER BEGIN:
    TOTAL COPIES:                                    Offender's signature after copies
MINUS   ADMINISTRATIVE COPIES:
    TOTAL COPIES T OFFENDER:                         Date Denied

Your request has been denied _____ in whole _____ in part for the following reasons:
_____ Your request form was not properly completed (Missing required signature, full cell location, facility, unit, tier, cell, DOC#, date, etc.)
_____ The material you have submitted does not meet program definitions of legal material, as described in AR750-01.
_____ Your photocopy requested exceeds the page limit established by the legal access program (see attached). Also see posted photocopy policies.
_____ Regardless of your ability to pay, you will be supplied only the required number of copies as dictated by court rule or statute. Your request is in excess of those requirements (see attached). Also see posted policies.
_____ You have not submitted the documents to be copied.
_____ You must submit a completed miscellaneous withdrawal ticket with your request, regardless of indigence status.
_____ Attachments/exhibits to a document must be submitted with the original document, even if the original is not being copied.
_____ Your account is in arrears for at least $500. See AR 750-01 for additional information.
_____ The legal access program will not copy AR's, IAs, OMs, or material contained in the law library, even as attachments/exhibits.
_____ The legal access program will not copy transcripts, incompleted documents, unsigned documents, altered documents, and/or blank forms.
_____ The legal access program will not copy non-original documents, previously-copied documents, incoming correspondence, or documents(account statements, mittimus, etc.) grievances, COPD appeals; except as exhibits attached to an original pleading being filed with the court or attached to a letter to a judge or attorney of record. Your pleading must include a statement referring to the attached exhibits in order for them to be copied.
_____ You may bring your request into compliance and resubmit.
Other _____

20052

# CROWLEY COUNTY CORRECTIONAL FACILITY
## OUTGOING LEGAL MAIL LOG
### LAW LIBRARY

| DATE | INMATE NAME | DOC# | SENT TO | INMATE SIGNATURE |
|---|---|---|---|---|
| 10/4/11 | Christopher Miller | 120154 | Name: Gregory Langham Clerk<br>Address: 901-19th Street Rm A105<br>City: Denver State: CO<br>Zip Code: 80294-3589 | /s/ Christopher Miller |
| 10/4/11 | Christopher Miller | 120154 | Name: James X. Quinn #27129<br>Address: 1525 Sherman St, 7th Flr<br>City: Denver State: CO<br>Zip Code: 80203 | /s/ Christopher Miller |